UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

In re:                                                BKY Case No. 10-47732 RJK

Kurt Anthony Paddock                                  Chapter 7
and Catherine Mary Paddock,

        Debtors.

---

Total Control Systems, a Minnesota
Corporation,

        Plaintiff
  v.

Kurt Anthony Paddock                                  Adv. Proc. No. 11-4011

and

Catherine Mary Paddock,

        Defendants.

---

## DEFENDANTS' ANSWER TO COMPLAINT

---

The defendants, Kurt Anthony Paddock and Catherine Mary Paddock, as and for their Answer to the Complaint of Plaintiff Total Control Systems states and alleges as follows:

### STATEMENT OF JURISDICTION AND VENUE

1. Unless admitted or otherwise qualified herein, the defendants deny each and every statement and allegation made in the complaint.

2. The defendants admit the allegations contained in Paragraph 1 of the Complaint.

3. The defendants admit the allegations contained in Paragraph 2 of the Complaint.

### PARTIES

3. The defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. The defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. The defendants admit the allegations contained in paragraph 5 of the complaint that plaintiff is listed as a creditor on schedule F in the amount of $260,470.00. The defendants deny any personal liability to the claim regardless of the manner in which it was listed.

6. The defendants admit the allegations contained in paragraph 6 of the complaint that Mr. Paddock was licensed as a Master A Electrician, that Ms. Paddock owned the shares of Hymark Electric, and that Mr. Paddock was the responsible person listed on the license granted to Hymark Electric. The defendants deny the remaining allegations contained in paragraph 6 of the complaint.

## FACTS

7. The defendants admit the allegations contained in paragraph 7 of the complaint that Hymark Eletric and the plaintiff contracted on several municipal projects and that Hymark Electric provided lien waivers and tax form IC134 to general contractors at the conclusion of projects. The remaining allegations state a legal conclusion for which no answer is required.

8. The allegations contained in paragraph 8 of the complaint refer to a written document and no answer is required. The document speaks for itself.

9. The allegations contained in paragraph 9 of the complaint refer to a written document and no answer is required. The document speaks for itself.

10. The allegations contained in paragraph 10 of the complaint refer to a written document and no answer is required. The document speaks for itself.

## PROJECT 1
## PINE CITY ELEVATED STORAGE TANK

11. The defendants admit the allegations contained in paragraph 11 of the complaint that Hymark Electric and the plaintiff entered into the Pine City Storage Tank Project. The

remaining allegations refer to a written document and no answer is required. The document speaks for itself.

12. The defendants admit the allegations contained in paragraph 12 of the complaint that Mr. Paddock advised the plaintiff via e-mail regarding the separately billed invoices. The remaining allegations refer to a written document and no answer is required. The document speaks for itself.

13. The defendants admit the allegations contained in paragraph 13 of the complaint that Landmark Structures was the general contractor for the Pine City Elevated Storage Tank Project. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the complaint, and, on that basis, deny these allegations.

14. The defendants admit the allegations contained in paragraph 14 of the complaint that the plaintiff provided invoices to Hymark Electric for the amounts alleged.

15. The defendants admit the allegations contained in paragraph 14 that the plaintiff sent Hymark Electric a letter dated September 9, 2010 demanding payment under Minn. Stat. § 514.02. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the complaint, and, on that basis, deny these allegations.

**PROJECT 2**
**PINE CITY WATER TREATMENT PLANT PROJECT**

16. The defendants admit the allegations contained in paragraph 16 of the complaint that Hymark Electric and the plaintiff entered into the Pine City Water Treatment Plant Project. The remaining allegations refer to a written document and no answer is required. The document speaks for itself.

17. The defendants admit the allegations contained in paragraph 17 of the complaint that Mr. Paddock advised the plaintiff via e-mail regarding the separately billed invoices. The remaining allegations refer to a written document and no answer is required. The document speaks for itself.

18. The defendants admit the allegations contained in paragraph 18 of the complaint that Gridor Construction was the general contractor for the Pine City Water Treatment Plant Project. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the complaint, and, on that basis, deny these allegations.

19. The defendants admit the allegations contained in paragraph 19 of the complaint that the plaintiff provided invoices to Hymark Electric for the amounts alleged. The defendants admit the allegations contained in paragraph 19 that the plaintiff sent Hymark Electric a letter dated September 9, 2010 demanding payment under Minn. Stat. § 514.02. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the complaint, and, on that basis, deny these allegations.

20. The allegations contained in paragraph 20 of the complaint refer to a written document and no answer is required. The document speaks for itself.

21. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the complaint, and, on that basis, deny these allegations.

22. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the complaint, and, on that basis, deny these allegations.

23. The allegations contained in paragraph 23 of the complaint refer to a written document and no answer is required. The document speaks for itself.

24. The allegations contained in paragraph 24 of the complaint refer to a written document and no answer is required. The document speaks for itself.

25. The allegations contained in paragraph 25 of the complaint refer to a written document and no answer is required. The document speaks for itself.

26. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the complaint, and, on that basis, deny these allegations.

27. The allegations contained in paragraph 27 of the complaint refer to a written document and no answer is required. The document speaks for itself.

28. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint, and, on that basis, deny these allegations.

29. The allegations contained in paragraph 29 of the complaint refer to a written document and no answer is required. The document speaks for itself.

30. The allegations contained in paragraph 30 of the complaint refer to a written document and no answer is required. The document speaks for itself.

31. The allegations contained in paragraph 31 of the complaint refer to a written document and no answer is required. The document speaks for itself.

32. The allegations contained in paragraph 32 of the complaint refer to a written document and no answer is required. The document speaks for itself.

**VIOLATION OF 11 U.S.C. § 523(a)(2)**
**FRAUD**

33. The defendants re-allege and incorporate herein all of the answers contained in the preceding paragraphs.

34. The defendants deny the allegations contained in paragraph 34 of the complaint.

35. The defendants deny the allegations contained in paragraph 35 of the complaint.

36. The defendants deny the allegations contained in paragraph 36 of the complaint.

37. The defendants deny the allegations contained in paragraph 37 of the complaint.

38. The defendants deny the allegations contained in paragraph 38 of the complaint.

39. The defendants deny the allegations contained in paragraph 39 of the complaint.

40. The defendants deny the allegations contained in paragraph 40 of the complaint.

41. The defendants deny the allegations contained in paragraph 41 of the complaint.

42. The defendants deny the allegations contained in paragraph 42 of the complaint.

43. The defendants deny the allegations contained in paragraph 43 of the complaint.

44. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the complaint, and, on that basis, deny these allegations.

45. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint, and, on that basis, deny these allegations.

46. The defendants deny the allegations contained in paragraph 46 of the complaint.

**COUNT II**
**VIOLATION OF 11 U.S.C. § 523(a)(4)**
**DEFALCATION**

47. The defendants re-allege and incorporate herein all of the answers contained in the preceding paragraphs.

48. The defendants admit allegations contained in paragraph 46 of the complaint that Mr. Paddock conducted the business operations of Hymark Electric and that Ms. Paddock's duties were solely accounting and payroll. The defendants deny the remaining allegations contained in paragraph 48 of the complaint.

49. The defendants deny the allegations contained in paragraph 49 of the complaint.

50. The defendants deny the allegations contained in paragraph 50 of the complaint.

51. The defendants deny the allegations contained in paragraph 51 of the complaint.

52. The defendants deny the allegations contained in paragraph 52 of the complaint.

53. The defendants deny the allegations contained in paragraph 53 of the complaint.

54. The defendants deny the allegations contained in paragraph 54 of the complaint.

55. The defendants deny the allegations contained in paragraph 55 of the complaint.

56. The defendants deny the allegations contained in paragraph 56 of the complaint.

57. The defendants deny the allegations contained in paragraph 57 of the complaint.

58. The defendants deny the allegations contained in paragraph 58 of the complaint.

59. The defendants deny the allegations contained in paragraph 59 of the complaint.

## **AFFIRMATIVE DEFENSES**

60. The complaint fails to state a claim for which relief may be granted.

61. The complaint fails to plead fraud with particularity.

62. The plaintiff's claims are barred, in whole or in part, because plaintiff's damages, if any, are a direct or proximate result of the plaintiff's own action, inaction, conduct, or performance, or the actions, conduct or performance of third parties over whom the defendants have no control.

63. The plaintiff's claims are barred because the plaintiff failed to mitigate its damages.

WHEREFORE, the defendants respectfully request that

    A.    The court dismiss the plaintiff's claims with prejudice in their entirety;

    B.    Judgment be entered in favor of the defendants and against the plaintiff with respect to every claim alleged in the Complaint;

    C.    The defendants be awarded their costs and disbursements herein, and

    D.    The court award such other and further relief as it deems just and equitable

Dated: February 17, 2011.        **BRUZEK LAW OFFICE**

By: */s/ Jeffrey M. Bruzek*
Jeffrey M. Bruzek, Atty. Reg. No. 319260
265 West Seventh Street
Suite 200
St. Paul, MN 55102
Office Phone: 651-290-2338
Fax: 651-227-1403
www.bruzeklaw.com
E-mail: Jeffrey@bruzeklaw.com

**ATTORNEY FOR DEFENDANT KURT AND CATHERINE PADDOCK**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

| | |
|---|---|
| In re: | BKY Case No. 10-47732 RJK |
| Kurt Anthony Paddock<br>and Catherine Mary Paddock, | Chapter 7 |
| Debtors. | |

---

Total Control Systems, a Minnesota Corporation,

    Plaintiff

  v.

Kurt Anthony Paddock                                 Adv. Proc. No. 11-4011

and

Catherine Mary Paddock,

    Defendants.

---

## PROOF OF SERVICE

---

    Jeffrey M. Bruzek an attorney licensed to practice law in this court, with office address of 265 West 7th Street, Suite 200, St. Paul, Minnesota 55102, declares that on February 18, 2011, he served the annexed:

1.        Defendants' Answer to Complaint

on the following person of record by e-mail notification under CM/ECF on the day e-filed with the court to each of them as follows:

    US Trustee
    Randall Strand

And he declares under penalty of perjury, that the foregoing is true and correct.

Dated: February 18, 2011.                       **BRUZEK LAW OFFICE**

                                                               By: */s/ Jeffrey M. Bruzek*

Jeffrey M. Bruzek, Atty. Reg. No. 319260
265 West Seventh Street
Suite 200
St. Paul, MN  55102
Office Phone:  651-290-2338
Fax:  651-227-1403
www.bruzeklaw.com
E-mail: Jeffrey@bruzeklaw.com

**ATTORNEY FOR DEFENDANT KURT AND CATHERINE PADDOCK**